A trust estate, when once raised, is governable by the rules of the common-law with respect to its transmission and descent. It will descend according to the rules of the common law; it is subject to a tenancy by the curtesy; a devise of it must be attested in the same manner as the devise of a legal estate. 5 Ba. Ab., 391; 2 P. W., 645; 1 P. W., 109; 1 Bl. Re., 160, 161; Sand on Uses, 188. In the latter case the intention to give to the devisee was as clear, if not clearer, than the intention in the present case to give the trust estate to the defendant; but that intention could not prevail because the rule of law required three attesting witnesses. So here a trust estate in one-half being clearly in Thomas, how was he divested of it? Not by any deed proved and duly registered, which our law requires in regard to legal estates, but by a mere parol declaration, which, if not equal to the purpose, will still leave the trust estate where it was; and then at the time of his death it passed, as to one-half, by his will, to the complainant. There is a great reason why the rules of law should be applied to such estates. They are generally created for helpless and weak persons, and children not having prudence and strength of mind enough to take care of themselves, or for married women — such persons, in short, from whom parol declarations can be most easily drawn, and who least weight their expressions. (132) If a deed be not requisite, how liable are all such estates to be defeated by false testimony or the unwariness of those for whose benefits such estates are most commonly provided.
There can be no doubt as to the justice of this case. It is evident Thomas intended his half of the land to remain with the defendant; but if there be any such rule as is contended for by the complainant's counsel, it must be followed. I will take time to consider.
And finally he decided that the parol evidence was sufficient. He said the statute of frauds in England enacts that no creation of trust or declaration of one shall be proved by parol evidence; whence it was to be inferred that before that act such parol declaration was valid; and our law is the same as in England before that statute.
NOTE. — See Gay v. Hunt, 6 N.C. 141; Henderson v. Hoke, 21 N.C. 119. *Page 130 
 Cited: Ferguson v. Haas, 64 N.C. 778; Pittman v. Pittman, 107 N.C. 163;Gorrell v. Alspaugh, 120 N.C. 367; Odom v. Clark, 146 N.C. 551;Lefkowitz v. Silver, 182 N.C. 346.